Brooks *et al. v.* Board of Sup'rs of Simpson County.*

(Division B. Feb. 9, 1925.)

[102 So. 777-778. No. 24608.]

Highways. *Petition for organization of separate road district held valid, regardless of defects in petition.*

The petition filed with the board of supervisors, under section 2, chapter 176, Laws of 1914, and amendments thereto (Hemingway's Code, section 7159), asking for the organization of a separate road district under said statute, and for the issuance of bonds with which to construct roads therein when organized, without authority of the statute, asked for the construction of two specific roads in the proposed district, and, in violation of the statute, failed to ask that the proposed district come under the provisions of said statute. The published notice of the board of supervisors of its proposal to issue bonds for the district recited, as did all subsequent proceedings in the matter when appropriate, that the road district was to be organized under said statute. *Held*: That, notwithstanding such defects in the petition, the proceedings were valid.

*Headnote. Highways, 29 C. J., Section 272.

Appeal from chancery court of Simpson county.

Hon. T. P. Dale, Chancellor.

Proceeding by the Board of Supervisors of Simpson County against H. L. Brooks and others. From decree for plaintiffs, defendants appeal. Affirmed.

*A. W. Dent* and *J. P. Edwards,* for appellants.

The first question presented by this record is whether the board ever acquired jurisdiction to make the order creating this road district and providing for the bond issue.  If it did not, or if it failed to exercise its jurisdiction, as provided by this act, its proceedings are not merely irregular but absolutely void.

The petition, under this act, not only confers, but also limits the jurisdiction which the board can exercise. The order of the board in creating the district must be in conformity with the prayer of the petition; and likewise the petition must be in conformity with the law (the said act), otherwise the board does not acquire jurisdiction and the order creating the district under the act is void.  Chapter 176, Laws of 1914, and chapter 277, Laws of 1920; *Bowler* v. *Leflore Co.,* 85 Miss. 390; *Ward* v. *Supervisors,* 114 Miss. 457.

If the petition did not conform to the requirements of said act and amendments thereto, by "asking that such territory be permitted to come under the provisions of the act," the board would be acting without any proper petition as required by the act and the amendments thereto, and acquired no jurisdiction, and its orders would be void for this reason.  *Evans* v. *Wright,* 126 Miss. 712;  *Wallace* v. *State,* 104 Miss. 94;  Acts 1914, ch. 176, sec. 2; Acts 1920, ch. 277, sec. 2; *Greenberry* v. *Massey,* 90 Miss. 121; *Bell* v. *Sledge,* 82 Miss. 749;  *Bigham* v. *State,* 59 Miss. 529.

Section 170 of the Constitution provides that: "The board of supervisors shall have full jurisdiction over roads, . . . to be exercised in accordance with such regulations as the legislature may prescribe."  Section 2 of the Act says: "That upon the presentation to the board . . . of a petition . . . asking that such . . . territory be permitted to come under the provisions of this Act."  Section 2 of chapter 277, Laws of 1920, provides the same thing.  This chapter amends

chapter 176 of the Laws of 1914, as to some sections, but not as to section 2.

The Constitution means what it says; the legislature meant what it said in prescribing the regulations for the board to follow. The board is required by the Constitution to follow the regulations prescribed by the legislature, and chapter 179 of the Laws of 1914, and amendments thereto are the regulations so prescribed, and a departure therefrom by the board throws the machinery out of motion and therefore renders any order passed not irregular but void from the beginning. *Board* v. *Weatherford,* 114 Miss. 270; *Craft* v. *Desoto Co.,* 79 Miss. 618; *Hawkins* v. *Caroll Co.,* 50 Miss. 735; *Simpson County* v. *Buckley,* 85 Miss. 713; *Coleman* v. *Bolivar County,* 71 Miss. 832.

A petition for the establishment of a highway should contain all the facts required to be stated therein by the act in order to confer jurisdiction. 37 Cyc. 71, and cases there cited. In *Williamson* v. *Berry,* 12 L. Ed. 1190, the court stated that "jurisdiction may be in the court over the cause, but there may be an excess of jurisdiction asserted in its judgment" and held that, in such case, the judgment would be *coram non judice* and void.

The same thing was held in *United States* v. *Walker,* 27 L. Ed. 929, where the supreme court determined that the supreme court of the District of Columbia had "exceeded its jurisdiction and its judgment was therefore void." Our own court, in *Insurance & Realty Co.* v. *Fire Ins. Co.,* 113 Miss. 545, applying the principles made the statement that "the thing, the *res,* must first be brought under the control of the court by proper process; the judgment can only go against the thing under the control of the court." It appearing in that case that the thing was "not under the control of the court," it further stated that "the court had no jurisdiction."

137 Miss.—46.

The difference between judgments that are void and subject to collateral attack, and those which are merely irregular and immune therefrom, is well explained in *Theobold* v. *Deslonde,* 93 Miss. 208, and our court there, distinctly shows that where a court has acted without or beyond its jurisdiction its judgment being void is subject to attack anywhere. This is indeed elementary. Freeman on Judgments (3 Ed.), sec. 117; *Lester* v. *Miller,* 76 Miss. 309; *Harris* v. *State,* 72 Miss. 960; *Lake* v. *Perry,* 95 Miss. 573; *Ex parte Burden,* 92 Miss. 14; *Garner* v. *Webster County,* 79 Miss. 568.

In 15 R. C. L. 604, sec. 43, it is stated that a judgment will be void which is a departure from the pleadings, and based upon a case not averred therein. If, therefore, the board had taken on itself to amend the petition at bar so as to make it conform to its orders in creating and organizing the district, its proceedings would still be invalid, since it would have no right to make such an amendment itself (*Trustees* v. *Covington County,* 115 Miss. 133), and we insist that it could not do by indirection what it could not do directly. *Hamilton* v. *The Board,* 96 So. 466.

In *Bank* v. *Martin,* 9 S. & M. 621, the court observes that "an order, judgment, or decree is void when rendered by a court which has no jurisdiction of the subject-matter, or of the parties, both must concur to make the proceedings valid."

No such petition as the order recites has ever been filed or presented to the board and for this reason the board was without jurisdiction under this special act, to act, without the proper petition, as the legislature required it to have, and the order is therefore void. *Comer* v. *Johnson,* 111 Miss. 208.

In the case of *Borrum* v. *Purdy Road District,* 95 So. 679, Judge ETHRIDGE refers to the fact that the whole record must be examined and that the petition constitutes a part thereof. In *Duke* v. *The State,* 57 Miss.

231, an appointment of a guardian was held by the court, to be void, not because of anything set forth in the order of appointment, but because the guardian's bond (a part of the record) disclosed the fact that the ward lived in another county, and the court, therefore, did not have jurisdiction to make the appointment.

In *Smith* v. *Hardware Co.*, 83 Miss. 654, our court pronounced a certain judgment to be void because it was not warranted by the petition filed in the case, but the court had to look to the petition in order to ascertain this fact. *Dogan* v. *Brown*, 44 Miss. 235. In 15 R. C. L. 96, it is stated that "when a presumption is to be drawn from a record the whole record must be inspected."

Can the court read into the petition that part of the order where the order recites: "Asking that the proposed territory be permitted to come under the provisions of this act?" If the court can do that, then why did the legislature require a petition to be presented "asking that the proposed territory be permitted to come under the provisions of this act?"

There can, we respectfully submit, be no half way ground — the proceedings are either valid or invalid; the petition presented to the board either asked that the territory proposed come under the act or it did not ask it, if it asked it, the bonds are valid and your honor should so decree, but on the other hand, if the petition presented did not ask that the territory be permitted to come under the act, we respectfully insist that the order is void and the bonds are invalid and should not be approved by this court. *Kock* v. *Bridges*, 45 Miss. 258; *Monroe County* v. *Mingo*, 127 Miss. 716; *Gipson* v. *Currie*, 83 Miss. 253; *Ellis* v. *Tillman*, 125 Miss. 686; *Planters Mercantile Co.* v. *Braxton*, 124 Miss. 490.

It may be that the board will rely on the cases of *Dye* v. *Mayor*, 119 Miss. 359; *Lincoln County* v. *Wilson*, 125 Miss. 840, and *Lidell* v. *Noxapater*, 129 Miss. 522, but

none of these authorities militate in any wise against our position.

It is well settled in this state by all the authorities that if the proceedings are not valid an election resulting favorably to the issue, no matter how great the majority may be, cannot render the bonds valid. *Lester* v. *Miller,* 76 Miss. 310; *Clarksdale* v. *Broaddus,* 77 Miss. 667; *Barrett* v. *School District,* 123 Miss. 378; *Bryant* v. *Board of Yalobusha County,* 98 So. 148.

*Hilton & Hilton,* for appellee.

We wish first to answer some of the arguments of counsel for appellant and call attention to some of the cases they referred to *Bowles* v. *Leflore,* 85 Miss. 390, is quite a different case in the facts. That case is one, where the board of supervisors, upon a petition to have a stock law put in force in the entire county, passed an order putting the law in force in only part of the county.

*Evans* v. *Wright,* 126 Miss. 713, does not sustain his argument because the Evans case states that the board of supervisors, being a court of limited and special jurisdiction, the requisite jurisdictional facts must appear on the face of the record. In the case at bar the order of the board of supervisors contained every jurisdictional fact necessary to create the separate road district. And, as a matter of fact, the Evans case is a good authority for appellee in this case.

They, also, cite *Wallace* v. *State,* 104 Miss. 94. This authority is favorable to appellee as it announces the same principle as above. They, also, cite the case of *Greenberry* v. *Massey,* 90 Miss. 121, on the above proposition. We are unable to appreciate the application of this case to the argument of counsel for appellant in the case at bar, because it has reference to a suit on an open account before a justice of peace. Likewise the case of *Bell* v. *Sledge,* 82 Miss. 249, cited by appellant, is not

applicable to the case at bar, as it embraces a replevin action. Also, the case of *Bigham* v. *State,* 59 Miss. 529, is inapplicable to the case at bar as it discusses the criminal jurisdiction of justice of peace.

The *Craft case,* 79 Miss. 618, announces the recognized rule that the jurisdictional facts must appear of record, and in the case at bar, they do. The counsel for appellant, also cites the case of *Lessey* v. *Lynn,* 11 U. S. 172; *Williamson* v. *Berry,* 12 U. S. 1190; *U. S.* v. *Walker,* 27 U. S. 929. A reading of those cases will disclose the inapplicability to the case at bar.

The counsel states that the recitals in the order of the board of supervisors creating the district does not state what the petition asked, and one is not in conformity with the other, and that, therefore, both were without jurisdiction, and cites case of *Comer* v. *Johnson,* 111 Miss. 208. In this case the supreme court held that the board was without jurisdiction to pass the order as the necessary number of petitioners had not signed the petition, as required by the law in that case. There is no question here about the required number of petitioners asking for the creation of the road district.

The only questions seriously pressed by contestants in the bond issue are two: First: That the petition of the qualified electors of the separate district be created asking for the separate road district stipulated in the petition, for the construction of certain roads, and that this specific request for certain roads violated the intent and purpose of chapter 176 of the Laws of 1914, and the amendments thereto, and therefore, a road district cannot be created upon such a request under the above act. Second: The petition failed to set out that it was the desire of those who signed the petition that a separate road district be created under chapter 176 of the Laws of 1914, and the amendments thereto, and, therefore, the board of supervisors cannot act upon such a petition and create a separate road district under said act and

amendments thereto. The petition does not restrict the building to any certain roads or any certain number of roads, but states that the bonds desired to be floated to improve not less than two roads. The order of the board creating the district adjudicated and embraced as a jurisdictional fact that the petition desired a separate road district just as asked for in said petition, and rightly of course, knowing that the only law that they could come under as a separate road district of the nature as indicated in the petition would be chapter 176 of the Acts of 1914, and the amendments thereto. It, also, recites every jurisdiction fact.

The validity of the petition is not and cannot be affected by the request stated therein for the improvement of not less than two roads. First, because the petition in its general terms asked that they be created into a separate road district. This request for specific roads to be built is mere surplusage, and does not affect the validity of the petition. *Board of Supervisors of DeSoto County* v. *Dean,* 82 So. 257.

In addition to this the courts will not look to the petition alone as embracing sufficient jurisdictional facts in which to base a valid order for the creating of a separate road district, but the entire record must be taken together and construed together. *Borrum et al.* v. *Purdy Road District,* 95 So. 677.

On the second proposition it is our opinion that while chapter 176 of the Acts of 1914, and the amendments thereto stipulate that when a petition is filed by twenty per cent of the qualified electors of the district, asking "that such district be permitted to come under the provision of this act," etc., that the use of that exact phraseology is not necessary if the same intent and purpose can be obtained from the petition. While the petition in this case does not state in words that it is their purpose or desire to be created into a separate road district "under this act," they do say that they desire that a certain territory be created into "separate road district." This

same act recited, that the petition asked for by the separate road district must have as many as twenty per cent of the names of the qualified electors on the petition. In one case the question was raised that the petition itself did not recite that the signers of the petition included twenty per cent of the qualified electors and, therefore, the board of supervisors had no jurisdiction over the matter and, therefore, could not create a district on such a petition. The supreme court held that if the supervisors adjudicated that twenty per cent of the qualified electors signed the petition that it became an adjudicated matter, regardless of whether it was stated in the petition or not. *Borrum* v. *Purdy Road District,* 95 So. 677.

On the question of jurisdictional fact involved in the creation of districts, see, *Liddell* v. *Noxapater,* 129 Miss. 513, 92 So. 631; *Dye* v. *Sardis,* 119 Miss. 359, 80 So. 671; *Johnson* v. *Yazoo County,* 113 Miss. 435, 74 So. 321; *Hinton* v. *Perry County,* 84 Miss. 536, 36 So. 565; *Walford* v. *Williams,* 110 Miss. 637, 70 So. 823.

Moreover the attack here is a collateral attack and cannot now be considered. The only recourse, if recourse the contestants had, was by direct appeal from the order of the board of supervisors. This is a collateral attack. The board of supervisors had jurisdiction over the person and things, and if there was any irregularity or defect in the petition to which contestants excepted, their recourse was by appeal from the order of the board of supervisors. To sustain this position, we refer the court to the cases just above cited.

We have been unable to find any case that holds that a petition using the language of this one and on which the Board passed an order creating the separate road district and embracing in its order all the jurisdictional facts, has been held invalid.

We, also, call the court's attention to the case of *Hayes* v. *Lafayette County,* 91 So. 196, which fully discusses errors and inaccuracies in creating a road district that will not affect its validity.

ANDERSON, J., delivered the opinion of the court.

This was a proceeding in the chancery court of Simpson county by the board of supervisors of that county under our bond validation statute (chapter 28, Laws of 1917; sections 3812a to 3812e, inclusive, Hemingway's Supplement), to validate the bonds of a separate road district of said county organized under chapter 176, Laws of 1914, and amendments thereto (Hemingway's Code, sections 7158 to 7178, inclusive). Appellants, qualified electors and taxpayers of the road district in question, filed objections to the validation of the proposed bonds. There was a trial and decree by the court validating the bonds, from which appellants prosecute this appeal.

Appellants contend that the entire proceedings are void because they say that the initial petition filed with the board of supervisors by the qualified electors under section 2 of chapter 176, Laws of 1914, and amendments thereto (Hemingway's Code, section 7159), upon which said proceedings were based is void, in that the petition failed to ask that the road district be organized under said statute, and because it prayed for the construction of two specific roads in said district. The petition, leaving off the caption and the names of the petitioners, and leaving out the description of the district, follows:

"We, the undersigned citizens and qualified electors of that part of beat No. 2, southwest of the Central highway road district, petition the honorable board of supervisors of Simpson county, state of Mississippi, to set aside the following described territory: . . .

"The above sections and parts of sections constitute the desired territory to be set aside as a separate road district, and an election ordered in said territory to ascertain if a majority of the qualified electors in said territory desire to float bonds to improve not less than two roads; one being at the beat line between 2 and 3, near Wess Welch's place, running by Corinth Church on into Magee, and another beginning near Mt. Zion Church

and crossing Skiffer creek near H. H. Jones' place and on into Magee.''

It will be observed that the petition prayed that the territory described therein be organized into a separate road district and an election be ordered in said territory to ascertain if a majority of the qualified electors therein described that bonds be issued for the construction and improvement of (quoting from the petition) ''not less than two roads; one beginning at the beat line between 2 and 3, near Wess Welch's place, running by Corinth Church on in Magee, and other beginning near Mt. Zion Church and crossing Skiffer creek near H. H. Jones' place and on into Magee.'' Appellants' position is that the initial petition under the statute is jurisdictional; that, therefore, it should have conformed to the statute in all respects, including a request that the proposed road district be organized under said statute, and should not have requested the improvement of any particular roads. In all other respects the proceedings from beginning to conclusion are regular. The notice of proposal to issue bonds, published under said statute, recited that a petition had been filed, asking that a road district be organized and bonds issued under said chapter 176, Laws of 1914, and amendments thereto (Hemingway's Code, sections 7158 to 7178, inclusive), and that twenty per cent. of the qualified electors had petitioned therefor, gave a description of the territory sought to be organized into a road district, and in all other respects complied with said statute. Every order and resolution entered by the board in the proceedings thereafter, where it was appropriate so to do, recited the fact that the proceedings were being had under said road statute. Therefore, if the bonds in question are invalid, it is because alone of the failure of the initial petition to state that the petitioners sought to come under the provisions of said road statute, and because said petition went beyond the authority of the statute, in that it asked for the

construction and improvement alone of two public roads therein described.

The publication of the notice required by the statute of the proposal of the board to issue the bonds of the district answered the purpose of process for the qualified electors and taxpayers of the district. Its object was to give them an opportunity to go before the board and contest the organization of the proposed road district and the issuance of bonds therefor. By that notice they were specifically informed that it was sought to organize a road district under chapter 176, Laws of 1914, and amendments thereto (Hemingway's Code, sections 7158 to 7178, inclusive). Upon the due publication of that notice the qualified electors and taxpayers of the district could have ascertained by consulting the records of the board of supervisors exactly what was proposed to be done and under what statute the proceedings were being had. It is true that the initial petition should have stated what statute the district was proposed to be organized under, and it should not have stated what roads were desired by the petitioners to be constructed and improved. There is no authority in this statute for such a request in the petition. Both of these defects, however, were amendable. They did not render the petition void. The petition, notwithstanding such defects, contained the fundamental requirements of the statute. The desire expressed in the petition that two specific roads be constructed and improved was mere surplusage, and could have been misleading to no one. The qualified electors and taxpayers of the proposed district were presumed to know that under the law the petitioners had no right to name in their petition the roads to be improved.

*Affirmed.*